# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| JOHN TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-CV-01261-BCW |
| | ) | |
| BEAR COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Plaintiff John Taylor's Motion to Conditionally Certify Class (Doc. #10) and Plaintiff Taylor's Motion to Strike Supplemental Affidavit of Brett Niles (Doc. #30). Taylor moves on behalf of himself and others similarly situated pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Court finds for purposes of conditional certification, Taylor has established a colorable basis for his claim that the putative class members were victims of a single decision, policy, or plan implemented by Defendant Bear Communications, LLC ("Bear Communications") resulting in violations of the FLSA. The Court being duly advised of the premises, for good cause shown, and for the following reasons grants Plaintiff's Motion to Conditionally Certify Class (Doc. #10) and denies as moot Taylor's Motion to Strike (Doc. #30).

## BACKGROUND

Taylor brought this collective action under the FLSA on behalf of himself and "similarly situated" employees of Bear Communications. See Doc. #1. Bear Communications provides cable installation and repair services in residences within Kansas, Missouri, and Nebraska. See Docs. #1, #9 and #13. Taylor alleges he, along with other employees who worked as cable

technicians/cable TV installers, was subject to Bear Communications' policies resulting in compensation that did not meet the minimum wage and overtime requirements of the FLSA. See Docs. #1, #10, and #13.

Taylor moved for conditional certification of the collective action for the limited purpose of providing notice to potential class members. See Docs. #10 and #13. Taylor requests the Court conditionally certify this matter as a collective action and authorize him to send notice under FLSA § 216(b) to all former and current employees of Bear Communications who worked as cable technicians/cable TV installers throughout the whole company from October 16, 2009 to present. See Doc. #10. Taylor also requests the Court appoint Taylor and his counsel as class representative and class counsel, respectively. Id.

Following full briefing by the parties, the Court heard oral argument at a hearing on June 14, 2013. Taylor appeared by counsel, Michael T. Miller and Morgan L. Roach, and Bear Communications appeared by counsel, John Bullock.

**DISCUSSION**

**I.    THE FAIR LABOR STANDARDS ACT**

The FLSA was enacted to eliminate unfair labor practices by barring "customs and contracts which allow an employer to claim all of an employee's time while compensating him for only part of it." 29 U.S.C. § 201, *et seq*.; Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 602 (1944). Sections 206 and 207 of the FLSA require employers to pay employees a regular hourly rate for up to forty (40) hours a week and overtime compensation at a rate of one and one-half times the regular rate for hours worked in excess of forty (40) hours. 29 U.S.C. §§ 206, 207(a)(1).

The FLSA provides for a private right of action to recover damages for violations of the Act's overtime provisions. 29 U.S.C. § 216(b). Since the FLSA is a remedial statute that "has been construed liberally to apply to the furthest reaches consistent with congressional direction," it should be given a broad reading in favor of coverage. Mitchell v. Lublin, McGaughy & Assocs., 358 U.S. 207, 211 (1959). Employers are liable for the amount of unpaid wages, plus an equal amount in liquidated damages, for violations of §§ 206 and 207. 29 U.S.C. § 216(b).

Here, Taylor seeks to collectively pursue claims against Bear Communications pursuant to § 216(b), which provides:

> An action to recover the liability prescribed in [§§ 206 or 207] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

A district court may certify a case as a collective action only if members of the class are "similarly situated" or raise similar legal issues regarding coverage, exemption, or nonpayment of wages or benefits. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 168-71 (1989). The plaintiff bears the burden of establishing he or she is similarly situated to other members of the proposed class. Young v. Cerner Corp., 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007). Unlike Rule 23 of the Federal Rules of Civil Procedure class action requirements where potential plaintiffs are included in a class if they fail to "opt-out," plaintiffs in a collective action must "opt-in" to participate. Id. at 1228-29.

## II.  CERTIFICATION OF COLLECTIVE ACTION UNDER THE FLSA

The FLSA does not define the term "similarly situated," so in order to determine whether the plaintiff and the potential plaintiffs are "similarly situated" for purposes of conditional

certification, district courts use a variety of standards. Davis v. Novastar Mortg., Inc., 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005). The Eighth Circuit has not articulated a standard for conditionally certifying FLSA cases. However, a majority of the district courts in the Eighth Circuit use a two-step analysis. See, e.g., McClean v. Health Sys., Inc., No. 11-CV-03037-DGK, 2011 WL 6153091 (W.D. Mo. Dec. 12, 2011); Chankin v. Tihen Commc'ns, Inc., No. 08-CV-196-HEA, 2009 WL 775588 (E.D. Mo. Mar. 20, 2009); Kautsch v. Premier Commc'ns, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007).

The first step in the two-step analysis for conditional certification is the notice stage. At this stage, the plaintiff may move to certify the putative class for notice purposes, prior to the completion of discovery. Davis, 408 F. Supp. 2d at 815. For purposes of conditional certification, the district court applies a lenient evaluation standard which is considerably less stringent than Rule 23(b)(3) class action standards. Fast v. Applebee's Int'l, Inc., 243 F.R.D. 360, 362-63 (W.D. Mo. 2007) (citing Grayson v. K Mart, 79 F.3d 1086, 1096 (11th Cir. 1996)).

At this early stage, the district court should not consider the merits of the plaintiff's claims; rather, "the plaintiffs need only establish a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan." Carden v. Scholastic Book Clubs, Inc., No. 10-CV-01112-NKL, 2011 WL 2680769, at *2 (W.D. Mo. July 8, 2011) (citation omitted); see also Davis, 408 F. Supp. 2d at 815. A "colorable basis" is established with "something more than the mere averments" in the plaintiff's complaint. Carden, 2011 WL 2680769, at *2 (citation omitted). The plaintiff can meet this requirement with only a modest factual showing. Kautsch, 504 F. Supp. 2d at 688. "Although credibility determinations and findings of fact are not required at this stage, some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." Jost v. Commonwealth

Land Title Ins. Co., No. 08-CV-734-CDP, 2009 WL 211943, at *2 (E.D. Mo. Jan. 27, 2009) (citation omitted). "Although the standard is lenient, it is not invisible." Adams v. Hy-Vee, Inc., No. 11-CV-00449-DW, 2012 U.S. Dist. LEXIS 98590, at *10 (W.D. Mo. May 22, 2012) (citation omitted). "Unsupported assertions or those not based on personal knowledge will not show that the plaintiffs are similarly situated" for conditional certification. Id. at *10-11 (citation omitted).

The second step of the conditional certification process occurs after discovery is complete and the parties and district court have full information. Kautsch, 504 F. Supp. 2d at 688. If the district court conditionally certifies the class, the potential class members are sent notice and given an opportunity to "opt-in." Id. At that point, the defendant may move to decertify the class. Id. This second "decertification stage" requires a heightened standard of review to determine whether the plaintiff and other members of the class are similarly situated, such that the lawsuit can proceed. Id. at 688-89.

For purposes of Taylor's instant motion in this case, the Court's analysis is limited to the notice stage. Here, Taylor established a colorable basis for his claim that the putative class members were the victims of a single decision, policy, or plan by Bear Communications. Specifically, Taylor made a modest factual showing that he, along with other employees who worked as cable technicians/cable TV installers within Bear Communication's Shawnee, Kansas office from October 16, 2009 to present, were subject to policies resulting in compensation that did not meet the minimum wage and overtime requirements of the FLSA. Without considering the merits of Taylor's claims, Taylor established a colorable basis to claim that he, as well as the putative class members, may not have been paid adequate overtime compensation under the

FLSA. Taylor's affidavit has supported assertions sufficiently based on personal knowledge to establish a colorable basis at this stage of the case.

## CONCLUSION

The Court has carefully considered the parties' arguments and finds Plaintiff John Taylor has established a colorable basis for his claim that the putative class members were victims of a single decision, policy, or plan by Defendant Bear Communications, LLC resulting in violations of the FLSA. Accordingly, it is hereby

ORDERED Plaintiff Taylor's Motion to Conditionally Certify Class (Doc. #10) is GRANTED. It is further

ORDERED Plaintiff Taylor's Motion to Strike Supplemental Affidavit of Brett Niles (Doc. #30) is DENIED AS MOOT. It is further

ORDERED Plaintiff Taylor's proposed notice, as attached as Exhibit 2 to his Motion (Doc. #13), with the following two modifications shall constitute the "Notice" in this matter. First, the proposed notice shall be modified under Section II to state, "Bear Communications, LLC states that it complied with the FLSA at all times, denies Plaintiff's claims, and denies that it owes any additional compensation to Plaintiff or any other employee." Second, the proposed notice shall be additionally modified to clearly state the potential plaintiffs are limited to cable technicians/cable TV installers who were employed in Defendant Bear Communication, LLC's Shawnee, Kansas office. It is further

ORDERED Plaintiff Taylor shall be authorized to send the Notice via United States mail to all former and current employees of Defendant Bear Communications, LLC who worked as cable technicians/cable TV installers within Bear Communication's Shawnee, Kansas office from October 16, 2009 until the date of this Order. It is further

ORDERED Defendant Bear Communications, LLC shall produce to Plaintiff Taylor within a reasonable amount of time the names and last known addresses of all former and current employees who worked as satellite technicians within Bear Communication's Shawnee, Kansas office from October 16, 2009 until the date of this Order. It is further

ORDERED the deadline for filing of the consents to join the collective action shall be no less than sixty (60) days from the date Defendant Bear Communications, LLC produces to Plaintiff Taylor the names and last known addresses of the potential class members.

IT IS SO ORDERED.


DATED: <u>June 27, 2013</u>

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT